**In re Dennis GORMAN.**

**No. 2–99–302–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 4, 1999.

Vinson & Elkins, L.L.P., and Susan G. Conway and Michael Marin of Austin, Lewis C. Sutherland, Houston, for Relator.

Panel A: CAYCE, C.J.; LIVINGSTON and RICHARDS, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

In this original proceeding, relator Dennis Gorman asks us to issue a writ of mandamus directing a district court to sustain his plea in abatement on the ground that another district court has dominant jurisdiction and has rendered a prior judgment in his favor. Because Gorman has an adequate remedy by accelerated appeal to challenge the jurisdiction of the second district court, we will deny the petition.

Gorman owns property on Lake Kiowa in Cooke County. The Lake Kiowa Property Owners Association (LKPOA), real party in interest, passed safety rules and restrictive covenants to govern boating and swimming activities on the lake. Gorman filed a declaratory judgment action in the 200th District Court of Travis County,

Texas (Travis County district court) against LKPOA seeking a declaration that the lake is public water subject to the jurisdiction of the Texas Parks and Wildlife Department and, thus, Gorman is not required to follow LKPOA's rules and covenants. The Travis County district court granted partial summary judgment in Gorman's favor on June 3, 1999.[1]

Fifteen days later, real party in interest Kenneth Tackett, a LKPOA member, filed suit against Gorman in the 235th District Court of Cooke County, Texas (Cooke County district court) seeking both injunctive relief prohibiting Gorman from violating LKPOA's boating rules and damages for Gorman's breach of the restrictive covenants. LKPOA intervened in the suit as a party plaintiff. Gorman then filed a plea in abatement asserting that the Travis County district court had dominant jurisdiction over the case. The Cooke County district court denied the plea and, on September 21, 1999, entered a temporary injunction order enjoining Gorman from conduct that would violate LKPOA's rules and setting the case for trial on the merits on January 18, 2000.

Ordinarily, when different district courts issue conflicting orders, we may resolve the dominant jurisdiction question and issue a writ of mandamus to direct which, if any, of the conflicting orders are valid. *See Bigham v. Dempster,* 901 S.W.2d 424, 428 (Tex.1995) (orig.proceeding). Here, however, the temporary injunction issued by the Cooke County district court in the underlying case is an interlocutory order that may be reviewed by accelerated appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon Supp.1999); TEX.R.APP. P. 28.1. Accordingly, because Gorman has an adequate remedy for resolving the conflict of jurisdiction question through an accelerated appeal of the injunction order, we deny his petition for mandamus. *See Walker v.*

---

1. Attorneys' fees claims and LKPOA's counterclaims remain at issue in the case.

*Packer,* 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding).